UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LOREN ALFORD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO: 4:25-cv-2952 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| **CONOCOPHILLIPS COMPANY,** | § | |
| | § | |
| Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   Josef Buenker, on behalf of the Plaintiff, and Kimberly Cheeseman, on behalf of the Defendant, conferred on November 10, 2025 by e-mail and November 11, 2025 by telephone.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None

3. **Briefly describe what this case is about.**

   Plaintiff seeks to recover overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. §216(b) ("FLSA") against Defendant. Plaintiff claims that he was improperly classified as independent contractor, paid a day rate and denied overtime compensation for hours worked in excess of forty (40) hours in a single workweek.

   Defendant denies each and every allegation asserted by Plaintiff, denies that it employed Plaintiff, and denies that Plaintiff was improperly compensated under the FLSA. In addition, Defendant is in the process of confirming whether Plaintiff entered into an arbitration agreement with New Tech Global, the third-party company that supplied Plaintiff to Defendant, and whether such agreement extends to Defendant.

4. **Specify the allegation of federal jurisdiction.**

This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff is alleging a cause of action that arises under a federal statute, 29 U.S.C. § 201 *et seq*.

5. **Name the parties who disagree and the reasons.**

   Not applicable.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None at this time, although Defendant is confirming whether Plaintiff entered into an arbitration agreement with New Tech Global, the third-party company that supplied Plaintiff to Defendant, and whether such agreement extends to Defendant. There is a possibility that New Tech Global may intervene.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The Parties will exchange initial disclosures described in Rule 26(a) which is fourteen (14) days after the Court's scheduling conference.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    The Parties' positions are outlined below.

    B. **When and to whom the plaintiff anticipates it may send interrogatories.**

    Plaintiff anticipates sending interrogatories to Defendant prior to the scheduled discovery cutoff.

    C. **When and to whom the defendant anticipates it may send interrogatories.**

2

Subject to Defendant confirming whether there is an applicable arbitration agreement, Defendant will send Plaintiff interrogatories consistent with the Federal Rules of Civil Procedure and the local rules of this Court before the close of discovery.

**D.   Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates deposing Defendant, through persons with knowledge of relevant facts, before the close of the discovery period. Prior to the end of the discovery deadline, Plaintiff may also depose other individuals identified in Defendant's initial disclosures and any other witness(es).

**E.   Of whom and by when the defendant anticipates taking oral depositions.**

Subject to Defendant confirming whether there is an applicable arbitration agreement, Defendant anticipates deposing Plaintiff, any expert witnesses Plaintiff may designate, and other fact witnesses whose identity and extent of knowledge of relevant facts becomes known through discovery.

**F.   When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule (26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff does not anticipate designating experts, other than for attorney's fees. In the event Plaintiff designates any expert witnesses, Defendant anticipates designating rebuttal experts and providing rebuttal expert reports within thirty (30) days' of Plaintiff's expert designation and filing of an expert report.

**G.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff or the party with the burden of proof on an issue will depose any experts timely designated after receipt of the expert reports and prior to scheduled discovery cut-off.

**H.   List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

In the event Plaintiff or the party with the burden of proof designates experts, Defendant or the opposing party anticipates deposing all such experts by the close of discovery.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The Parties agree.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

    Plaintiff's position:  July 26, 2026.

    Defendant's position:  Subject to Defendant confirming whether there is an applicable arbitration agreement, Defendant agrees with this July 26, 2026 date.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The Parties believe that mediation may be appropriate after some initial discovery.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The Parties will continue to discuss whether any early resolution can be reached in the case.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The Parties believe that mediation may be appropriate after some initial discovery.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties do not agree to consent to trial before the magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff timely demanded a jury.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiff's position:  48-72 hours

    Defendant's position:  Subject to Defendant confirming whether there is an applicable arbitration agreement, Defendant agrees.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

**21.** List other motions pending.

None.

**22.** Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None at this time.

**23.** Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

The Parties filed their Certificate of Interested Parties on or before November 21, 2025.

**24.** List the names, bar numbers, addresses and telephone numbers of all counsel.

For the Plaintiff:
Josef F. Buenker
State Bar No. 03316860
jbuenker@buenkerlaw.com
THE BUENKER LAW FIRM
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

Douglas B. Welmaker
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
doug@welmakerlaw.com

For the Defendant:
Shauna Johnson Clark
Texas Bar No. 00790977
Federal Id. No. 18235

Kimberly F. Cheeseman
Texas Bar No. 24082809
Federal Id. No. 2254668

Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Phone:  713-651-5151
Fax:  713-651-5246
shauna.clark@nortonrosefulbright.com
kimberly.cheeseman@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies the foregoing pleading was filed via the Court's CM/ECF System on the date indicated by the electronic case filing system of the Court and thereby electronically served upon all counsel of record.

*/s/ Kimberly Cheeseman*
Kimberly Cheeseman