**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LOREN ALFORD,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO: 4:25-cv-2952** |
| | § | **JURY TRIAL DEMANDED** |
| **CONOCOPHILLIPS COMPANY,** | § | |
| **Defendant.** | § | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL**

Plaintiff Loren Alford ("Alford" or "Plaintiff") and Defendant ConocoPhillips Company ("COP" or "Defendant") (collectively, the "Parties") file this Joint Motion for Approval of Settlement Agreement and Dismissal and respectfully show the Court the following.

## I. BACKGROUND

On June 25, 2025, Alford filed this wage-and-hour lawsuit alleging that COP misclassified him as an independent contractor and improperly paid him on a day-rate basis with no overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. *See* Doc. 1. On July 23, 2025, COP filed its Answer and Affirmative and Other Defenses and emphatically denied all of Alford's allegations. *See* Doc. 8. Specifically, COP denied that it misclassified or improperly paid Alford. *Id.* COP also denied, and continues to deny, that it employed Alford. *Id.*

Over the next several months, the Parties conducted discovery, including written discovery and a third-party subpoena to New Tech Global Ventures LLC ("New Tech"), the vendor through which Alford provided services at all relevant times. The Parties agreed to mediate before

incurring the expense of depositions. When the Parties were unable to reach agreement through direct negotiations, they retained Charles Peckham, a well-respected labor and employment attorney, as a neutral third-party mediator. On September 14, 2026, after attending mediation, Mr. Peckham carefully evaluated the claims and proposed a settlement figure he deemed reasonable and appropriate. The Parties accepted the mediator's proposal and reached a resolution of this case. The Parties now request approval of their settlement agreement.

## II. ARGUMENT AND AUTHORITIES

When reviewing a proposed settlement of claims under the FLSA, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); *see Castillo v. ISEC Inc.*, No. SA-20-CV-01269-FB, 2023 WL 7389847, at *2 (W.D. Tex. May 30, 2023) (applying the *Lynn's Food Stores* analysis). The endorsement of a proposed FLSA settlement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, No. H-04-1965, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008).

### A. The Settlement Is a Fair and Reasonable Resolution of a Bona Fide Dispute.

#### *i. A Bona Fide Dispute Existed Between the Parties.*

If Alford's allegations were ultimately correct, COP would be faced with the prospect of a monetary judgment in favor of Alford, as well as an obligation to pay litigation fees and costs incurred by Alford. If COP's arguments were correct, then Alford would not make a recovery, or the recovery would be substantially less than what Alford sought. The Parties on both sides were

represented by able counsel throughout this litigation. Each side has substantial arguments in support of its legal position on issues such as whether Alford was an independent contractor and whether Alford would be able to establish a willful violation of the FLSA extending the statute of limitations from two years to three years. Accordingly, the Court should readily conclude that a bona fide dispute existed between the Parties under the FLSA. *Miller v. MV Transp., Inc.*, No. 1:18-CV-538-RP, 2020 WL 13111133, at *3 (W.D. Tex. Nov. 3, 2020) (finding a bona fide dispute where the parties disagreed about the compensation owed); *Hiser v. NZone Guidance, LLC*, No. 1:18-CV-1056-RP, 2021 WL 2934896, at *2 (W.D. Tex. Jan. 25, 2021) (same); *see also Herbert v. LTC Delivery LLC*, No. 3:19-CV-1856-X, 2022 WL 1608639, at *2 (N.D. Tex. May 20, 2022) (concluding that a bona fide dispute existed where there were doubts about whether the plaintiffs would prevail on the merits).

***ii. The Proposed Settlement Is Fair and Reasonable.***

The precise terms of the settlement agreement are filed under seal with the Court. The settlement was the product of arm's-length negotiations by experienced counsel and a neutral third-party mediator, Charles Peckham, a well-respected labor and employment attorney. When the Parties were unable to reach agreement through direct negotiations, Mr. Peckham carefully evaluated the claims and proposed a settlement figure he deemed reasonable and appropriate. The settlement has the salutary effect of (1) providing substantial relief to Alford and (2) eliminating the inherent risks both sides would bear if this litigation continued to resolution on the merits. The mediator's proposal allowed the Parties to bridge the significant gap between their settlement positions and obtain the resolution described. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See, e.g.*, *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *2 (S.D. Tex. Jan. 31, 2018) (recognizing that courts presume a settlement

agreement is fair when it results from an adversarial proceeding); *Sanchez v. 600 N. Akard LLC*, No. 3:23-CV-540-L-BN, 2025 WL 5270869, at *3 (N.D. Tex. Sept. 29, 2025) (recognizing the presumption in favor of finding a settlement fair and the strong public interest in settlement); *Barcena v. Estrella Provider Servs., LLC*, No. 5:18-CV-103, 2019 WL 13189477, at *2 (S.D. Tex. Dec. 9, 2019) (recognizing a strong presumption that a negotiated settlement is fair); *see also Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing the adversarial nature of litigation as indicia of settlement fairness).

The settlement agreement is also fair and reasonable because substantial obstacles exist if litigation continues and the settlement provides substantial and immediate relief. The Parties disagree about the merits of Alford's claims, the viability of COP's defenses, and the proper calculation of damages. Without settlement, the Parties would have engaged in additional discovery, including depositions of key management witnesses, and litigated dispositive motions on the merits of the claims. Even if Alford had prevailed on the merits by summary judgment or trial, an appeal to the Fifth Circuit likely would have resulted. Under such a scenario, Alford would not see any monetary relief from this case, if any, until years from now. The settlement agreement brings immediate benefit to Alford.

The attorneys' fees are also reasonable and fair. Alford requests that the Court approve the attorneys' fees of Alford's counsel as stated in the settlement agreement. These fees and costs are justified as a matter of contract, particularly where counsel worked diligently on a contingency basis.

Within the Fifth Circuit, courts routinely approve contingency fees in FLSA cases where the fee reflects the parties' agreement, the risks of litigation, and the work performed by counsel. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *see also Singer v. Wells Fargo*

*Bank, N.A.*, No. 5:19-CV-00679-JKP-ESC, 2020 WL 10056302, at *2 (W.D. Tex. July 14, 2020); *Hamilton v. EnerSafe, Inc.*, No. 5:15-CV-1003-JKP, 2020 WL 11891329, at *2 (W.D. Tex. Feb. 7, 2020); *Hiser v. NZone Guidance, LLC*, No. 1:18-CV-1056-RP, 2021 WL 2934896, at *3 (W.D. Tex. Jan. 25, 2021); *Matthews v. Priority Energy Servs., LLC*, No. 6:15-CV-448, 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018), *report and recommendation adopted*, No. 6:15-CV-448, 2018 WL 2193030 (E.D. Tex. May 11, 2018); *Green-Johnson v. Fircroft, Inc.*, No. 12-CV-01307, Dkt. 50 (S.D. Tex. Apr. 3, 2013). Here, Alford was aware of, and agreed to, the contingency-fee nature of the relationship.

The terms of the settlement have been approved by Alford, Alford's counsel, COP, and COP's counsel. Alford entered into the settlement agreement voluntarily and knowingly and fully understands that he is relinquishing his claims in this matter in exchange for the agreed-upon settlement. The Parties agree that the terms of the settlement agreement are reasonable, fair, and just, and that they settle all claims in this lawsuit.

The Parties further agree that, as a condition of settlement, the terms of the settlement will be kept confidential. Accordingly, the Parties are filing a Motion for Leave to File Settlement Agreement Under Seal or Redact Settlement Amount. The Parties jointly request that the Court keep the terms of the settlement agreement and the settlement agreement itself confidential, and they respectfully request that the settlement agreement not be included in the documents and papers publicly filed in this matter. Counsel for the Parties will make themselves available for a conference regarding the settlement at the Court's request.

## III. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter the proposed Order approving their settlement agreement and the proposed Order dismissing the case as

specified therein. The Parties further respectfully request that the Court maintain the confidentiality of the settlement agreement by allowing it to be filed under seal and not permitting any portion of the agreement or its terms to be disclosed publicly.

Respectfully Submitted,

*/s/* Josef F. Buenker

Josef F. Buenker
State Bar No. 03316860
jbuenker@buenkerlaw.com
THE BUENKER LAW FIRM
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

Douglas B. Welmaker
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
doug@welmakerlaw.com

***Attorneys for Plaintiff Loren Alford***

Respectfully Submitted,

*/s/ Shauna Johnson Clark*

Shauna Johnson Clark
State Bar No. 00790977
Federal Id. No. 18235
shauna.clark@nortonrosefulbright.com

Kimberly F. Cheeseman
State Bar No. 24082809
Federal Id. No. 2254668
kimberly.cheeseman@nortonrosefulbright.com
Tamsin Woolley
State Bar No. 24122614
Federal Id. No. 3871504
tamsin.woolley@nortonrosefulbright.com

Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Phone: 713-651-5151
Fax: 713-651-5246

***Attorneys for Defendant ConocoPhillips Company***

## CERTIFICATE OF SERVICE

This pleading was served on opposing counsel via the Court's CM/ECF service in compliance with Rule 5 of the Federal Rules of Civil Procedure on October 28, 2026.

*/s/ Kimberly Cheeseman*