**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LOREN ALFORD,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO: 4:25-cv-2952** |
| **CONOCOPHILLIPS COMPANY,** | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

**JOINT MOTION FOR LEAVE TO FILE SETTLEMENT AGREEMENT UNDER SEAL OR REDACT SETTLEMENT AMOUNT**

Plaintiff Loren Alford ("Alford") and Defendant ConocoPhillips Company ("COP") file this Joint Motion for Leave to File Settlement Agreement Under Seal or Redact Settlement Amount, and in support show the Court the following:

## I. ARGUMENTS AND AUTHORITIES

As more fully explained in the Parties' Joint Motion for Approval of Settlement Agreement and Dismissal ("Joint Motion to Approve"), Alford and COP have reached a settlement after months of litigation and mediation. After completing mediation, the Parties accepted the mediator's proposal. One of the key components of the mediator's proposal was confidentiality as to the settlement amount. Filing the settlement agreement under seal and/or redacting the settlement amount will permit review by the Court and allow the Parties to maintain and preserve the confidentiality of their agreement and the benefit of the bargain reached by accepting the mediator's proposal.

The Southern District of Texas and other district courts in the Fifth Circuit routinely grant such requests in Fair Labor Standards cases like Alford's here. *See, e.g., Cason v. EOG Res., Inc.*,

No. 4:20-cv-02189, Doc. 27 (S.D. Tex. July 6, 2021) (granting motion to seal FLSA settlement agreement); *Ferguson v. EOG Res., Inc.*, No. 4:17-cv-03548, Doc. 39 (S.D. Tex. June 20, 2019) (granting parties' request to file the FLSA settlement under seal); *McCaig v. Newfield Exploration Co.*, No. 4:17-cv-02927, Doc. 29 (S.D. Tex. Nov. 29, 2018) (granting motion for leave to file FLSA settlement under seal); *Metting v. Tierra Lease Serv., LLC*, No. 5:17-cv-00044, Aug. 16, 2018 Text Order (W.D. Tex. Aug. 17, 2018) (granting motion for leave to file FLSA settlement agreement under seal); *Tharp v. Energes, LLC*, No. 5:15-cv-00983, Doc. 68 (W.D. Tex. June 27, 2018) (allowing parties to file FLSA settlement agreement under seal); *Ducote v. Tubular Solutions, Inc.*, No. 15-cv-02557, Doc. 54 (S.D. Tex. Apr. 17, 2017) (granting motion for leave to file the FLSA settlement agreement under seal); *McKenzie v. SouthernCare, Inc.*, No. 5:15-cv-01136, Doc. 14 (W.D. Tex. Aug. 26, 2016) (granting motion to file confidential FLSA settlement agreement under seal); *Reynolds v. Intertek*, No. 3:14-cv-00138, Doc. 48 (S.D. Tex. Apr. 11, 2016) (granting motion for leave to file FLSA settlement agreement under seal); *McCloud v. McClinton Energy Grp., LLC*, No. 7:14-cv-00120, Feb. 4, 2016 Text Order (W.D. Tex. Feb. 4, 2016) (granting motion for leave to file FLSA settlement agreement under seal); *Lee v. Veolia ES Indus. Servs. Inc.*, No. 12-cv-00136, Doc. 90 (E.D. Tex. Oct. 28, 2013) (granting motion for leave to file FLSA settlement agreement under seal); *Ray v. Tex. Home Health of Am., LP*, No. 9:12-cv-00022, Doc. 19 (E.D. Tex. May 31, 2012); *Kaminski v. BWW Sugar Land Partners, Ltd.*, No. 4:10-cv-00551 (S.D. Tex. Oct. 26, 2011) (granting motion to file confidential settlement agreement under seal); *LaFan v. E+Healthcare LLC*, No. 4:08-cv-01002, Doc. 64 (S.D. Tex. Oct. 16, 2009) (granting the parties' motion to seal the settlement agreement).

In the alternative, the Parties respectfully request that the Court allow them to redact the settlement amount and payment amounts from their settlement agreement before it becomes part

of the public record. *See, e.g., Tripp v. Halliburton Co.*, No. 4:16-cv-03434, Doc. 83 (S.D. Tex. May 13, 2019) (allowing the parties to redact the amounts paid under the terms of the FLSA settlement); *Hoffman v. CEMEX, Inc.*, No. 4:09-cv-3144, Doc. 37 (S.D. Tex. Dec. 14, 2010) (ordering the parties to file two copies of the settlement agreement with the court, one under seal and one with the amounts redacted for the public record); *Rocha v. 8 U V Inc.*, No. 4:09-cv-3044, Doc. 15 (S.D. Tex. Dec. 23, 2009) (ordering that the settlement be filed with the settlement amounts redacted).

Accordingly, the Parties are filing the settlement agreement under seal as Exhibit 1 hereto. The Parties jointly request that the Court keep the terms of the settlement agreement and the settlement agreement itself confidential and that the settlement agreement not be included among the documents and papers publicly filed in this matter. Alternatively, the Parties respectfully request permission to file a public version of the settlement agreement with the settlement amount and payment amounts redacted. Counsel for the Parties will make themselves available for a conference regarding the settlement at the Court's request.

## II. CONCLUSION

The Parties and their counsel agree that confidentiality was a material component of the settlement agreement and respectfully request that this Court grant the Parties' Joint Motion for Leave to File Settlement Agreement Under Seal or Redact Settlement Amount.

Respectfully Submitted,

*/s/ Josef F. Buenker*

Josef F. Buenker
State Bar No. 03316860
jbuenker@buenkerlaw.com
THE BUENKER LAW FIRM
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

Douglas B. Welmaker
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
doug@welmakerlaw.com

***Attorneys for Plaintiff Loren Alford***

Respectfully Submitted,

*/s/ Shauna Johnson Clark*

Shauna Johnson Clark
State Bar No. 00790977
Federal Id. No. 18235
shauna.clark@nortonrosefulbright.com

Kimberly F. Cheeseman
State Bar No. 24082809
Federal Id. No. 2254668
kimberly.cheeseman@nortonrosefulbright.com
Tamsin Woolley
State Bar No. 24122614
Federal Id. No. 3871504
tamsin.woolley@nortonrosefulbright.com

Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Phone: 713-651-5151
Fax: 713-651-5246

***Attorneys for Defendant ConocoPhillips Company***

**CERTIFICATE OF SERVICE**

This pleading was served on opposing counsel via the Court's CM/ECF service in compliance with Rule 5 of the Federal Rules of Civil Procedure on October 28, 2026.

*/s/ Kimberly Cheeseman*